IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE DE PAZ LOPEZ                                                                                    PLAINTIFF

V.                                                                          CASE NO. 5:17-CV-18-DCB-MTP

ELLIS J. SALLOUM M.D. ET AL.                                                                    DEFENDANTS

# ORDER

This matter is before the Court on the Plaintiff's Motion [9] for Request for Service of Summons on the Defendants. The Plaintiff requests that the Marshalls serve process on the Defendants in this action as he is proceeding *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. However, Plaintiff is not proceeding *IFP* under § 1915, as he paid the initial filing fee. *See* Docket Entry of March 8, 2017.

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that upon the plaintiff's request, "the court *may* order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court." (emphasis added). However, court officers are only required to serve process under Rule 4(c)(3) and 28 U.S.C. § 1915(d) for plaintiffs who have obtained *in forma pauperis* status. *See Cornish v. Tex. Bd. of Criminal Justice,* 141 F. App'x 298, 300 (5th Cir. 2005) ("Rule 4 requires the district court to appoint a person to serve process in an IFP case."); *Powell v. Biloxi Police Dep't,* 2011 WL 2457857, *1 at n. 1 (S.D. Miss. May 23, 2011) ("Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court and the U.S. Marshal's office have no obligation to assist Plaintiff with service of process) (citations omitted); *Hearron v. Mississippi Dep't of Corrections,* 2008 WL 4861952, *2 at n. 2 (S.D. Miss. Nov. 10, 2008).

1

Although the Plaintiff is proceeding *pro se*, he is not proceeding as a pauper IFP. Plaintiff paid the $400 filing fee in this action. Additionally, the current motion indicates that he has $162.65 in his prison account. *See* [9] at 5. He also indicates that he receives money from family or friends, but does not specify the amount. *Id*. at 2.

Plaintiff has the option to hire a third party to serve the Defendants, and has already been advised that it is his responsibility to ensure process is served in this case. *See* Memorandum [6]. The funds in Plaintiff's account are more than sufficient to accomplish service of process. It is the Plaintiff's responsibility, not the Court's, to effect service in accordance with the Federal Rules of Civil Procedure. Since the Plaintiff has not established good cause for appointing a process server in this case, his motion is not well taken and is hereby denied.[1]

SO ORDERED, this the 19th day of April, 2017.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is reminded that pursuant to Federal Rule of Civil Procedure 4(m), the Defendants must be served within 90 days after the complaint is filed.