IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE DE PAZ LOPEZ                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO. 5:17cv18-DCB-MTP

M.D. ELLIS J. SALLOUM, ET AL.                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to prosecute. Having reviewed the record in this matter, the undersigned recommends that this case be dismissed without prejudice.

### Procedural History

On February 7, 2017, Plaintiff Jose De Paz Lopez filed his complaint in this matter. The Court ordered [5] Plaintiff to complete an application to proceed *ifp* or pay the filing fee by March 10, 2017. Plaintiff paid the filing fee on March 8, 2017.

On March 28, 2017, Plaintiff moved [9] to have the Court serve Defendants with process. The Court denied that request on April 19, 2017, on the basis that Plaintiff was not proceeding *ifp* and thus, the court and the U.S. Marshal's office had no obligation to assist him with service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(b) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding *in forma pauperis,* on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Further, the Court reminded Plaintiff that process was to be completed with 90 days of the filing of the complaint in accordance with

1

Federal Rule of Civil Procedure 4(m).[1] Plaintiff did not serve process as ordered and his deadline to do so has long since passed.

The Court issued a show cause order on June 8, 2017, which gave Plaintiff until June 20, 2017, to show cause in writing why this matter should not be dismissed against Defendants for failure to serve process and failure to prosecute. *See* Order [13]. This order was returned to the Court on June 22, 2017, as Plaintiff was no longer located at his address of record. *See* Mail Return [14]. On June 28, 2017, the Court received a notice of change of address, which provided an address that was already of record.[2] However, this notice also appeared to indicate that Plaintiff was deported to El Salvador on May 26, and also provided an address in El Salvador.[3]

Out of an abundance of caution, the Court issued a final order to show cause on July 11, 2017, ordering Plaintiff to show in writing why this matter should not be dismissed against Defendants for failure to serve process and failure to prosecute on or before August 10, 2017. *See* Order [16]. Alternatively, Plaintiff was ordered to complete service of process and file proof thereof with the Court on or before August 10, 2017. Plaintiff was warned that failure to show good cause as ordered or to timely complete service of process and to file proof thereof by August 10, 2017, may result in the dismissal of this action without further notice.[4] That Order

---

[1] *See* Order [12].

[2] A# 088746631
LaSalle Detention Facility
PO Box 560
Trout, LA 70371
*See* Notice [11]

[3] The address provided is:
Colonia Santa Maria
Pasajo # 19 Poligono #S Casa # 119
San Martin El Salvador
*See* Notice [15] and Envelope [15-1]

[4] *See* Order [16].

[16] was mailed to Plaintiff's address of record and the address in El Salvador. Plaintiff did not respond as ordered.

It has been over 6 months since the case was filed and Plaintiff has not served process on Defendants or demonstrated good cause to justify his delay. Accordingly, the undersigned recommends that his matter be dismissed without prejudice.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . . ." Fed. R. Civ. P. 4(m).[5] Dismissal is appropriate under Rule 4(m). Plaintiff has failed to serve process in compliance with the Rule despite several notices by the court that such failure may result in a dismissal, and he has failed to demonstrate good cause to justify delay. *See Hearron v. Nichols, No. Hearron v. Nichols*, No. 5:03cv259-DMR-JCS, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006) (Report and Recommendation, adopted by Order dated June 27, 2006).

---

[5] The Rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner. Plaintiff has made no such showing.

**RECOMMENDATION**

As the Plaintiff has failed to serve process or to otherwise prosecute this case, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4(m).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 16th day of August, 2017.

s/ Michal T. Parker_____<br>United States Magistrate Judge