```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION


JOSE DE PAZ LOPEZ                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 5:17-cv-18(DCB)(MTP)

M.D. ELLIS J. SALLOUM, ET AL.                             DEFENDANTS
```

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation **(docket entry 18)** of Magistrate Judge Michael T. Parker, based on the plaintiff Jose de Paz Lopez's failure to prosecute his Complaint.  Magistrate Judge Parker recommends that this action be dismissed without prejudice.

On March 28, 2017, the plaintiff moved to have the Court serve the defendants with process.  The Court denied that request on April 19, 2017, on the basis that the plaintiff was not proceeding in forma pauperis, and therefore the Court and the U.S. Marshal's office had no obligation to assist him with service of process. See Fed.R.Civ.P. 4(c); Local Rule 4.1(b)("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); see also Whiting v. Alvarado, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004)(denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding in forma pauperis).  Further, the Court reminded the

plaintiff that process was to be completed with 90 days of the filing of the complaint in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff did not serve process as ordered and his deadline to do so has long since passed.

The Court issued a show cause order on June 8, 2017, which gave the plaintiff until June 20, 2017, to show cause in writing why this matter should not be dismissed for failure to serve process and failure to prosecute. <u>See</u> Order (docket entry 13). This order was returned to the Court on June 22, 2017, as the plaintiff was no longer located at his address of record. <u>See</u> Mail Return (docket entry 14). On June 30, 2017, the Court received a notice of change of address, which provided an address that was already of record. <u>See</u> Notice (docket entry 15). However, this notice also appeared to indicate that the plaintiff had been deported to El Salvador on May 26, 2017, and provided an address in El Salvador. <u>See</u> Notice (docket entry 15).

Out of an abundance of caution, the Court issued a final order to show cause on July 11, 2017, ordering the plaintiff to show in writing, on or before August 10, 2017, why this matter should not be dismissed for failure to serve process and failure to prosecute. <u>See</u> Order (docket entry 16). In the alternative, the plaintiff was ordered to complete service of process and file proof thereof with the Court on or before August 10, 2017. The plaintiff was also warned that failure to show good cause as ordered or to timely

complete service of process and to file proof thereof by August 10, 2017, could result in the dismissal of this action without further notice. See Order (docket entry 16). The Order was mailed to the plaintiff's address of record and the address in El Salvador. The plaintiff did not respond as ordered.

It has been almost one year since this case was filed, and the plaintiff has not served process on the defendants nor demonstrated good cause to justify his delay. Magistrate Judge Parker recommends that this matter be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action sua sponte for the plaintiff's failure to prosecute or comply with any order of the court. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief ... so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 629-31; see also Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's Rule 41(b) discretionary authority).

In addition, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the

complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice ...." Fed.R.Civ.P. 4(m).

Dismissal of this case is appropriate under Rule 4(m).[1] The plaintiff has failed to serve process in compliance with the Rule despite several notices by the Court that such failure could result in a dismissal, and he has failed to demonstrate good cause to justify delay. See Hearron v. Nichols, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006)(Report and Recommendation, adopted by Order dated June 27, 2006).

The Court shall therefore adopt the Report and Recommendation as the findings and conclusions of this Court.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 18)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that a Final Judgment of Dismissal without Prejudice shall follow of even date herewith.

SO ORDERED, this the 22nd day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] The Rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner. The plaintiff has made no such showing.